UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZVARD DANIYELYAN,<br><br>                Plaintiff,<br><br>     v.<br><br>JO ANNE B. BARNHART,<br>COMMISSIONER OF SOCIAL<br>SECURITY<br><br>                Defendant. | Case No. CV-05-5677 JC<br><br>MEMORANDUM OPINION AND<br>ORDER OF REMAND |

**I.  PROCEEDINGS**

Plaintiff Zvard Daniyelyan filed a Complaint on August 5, 2005, seeking review of the Commissioner of Social Security's denial of plaintiff's application for disability benefits. This matter is before the court on the parties' Joint Stipulation ("JS"), filed on February 17, 2006.

Plaintiff argues that (i) the Administrative Law Judge ("ALJ") failed to consider her mental limitations in deciding that plaintiff could return to her past relevant work, (ii) the ALJ's finding that plaintiff's exertional limitations did not preclude her from returning to her past work was not supported by substantial evidence, and (iii) the ALJ improperly invoked res judicata principles to rely upon a prior administrative finding of nondisability. Defendant argues that plaintiff's

claims are barred by res judicata and that she may not relitigate claims that are the subject of a prior final and binding decision.

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED IN PART AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand because, with respect to an unadjudicated period, the ALJ incorrectly gave preclusive effect to a prior administrative finding despite significant intervening changes to relevant criteria for determining disability.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISIONS

### A. Previously Adjudicated Application

Plaintiff previously filed an application for supplemental security income (SSI) and disability insurance benefits (DIB), asserting that she became disabled on March 29, 1998, due to mental and physical impairments. (Administrative Record ("AR") 36, 91, 104, 280).[1] A prior ALJ examined the medical record and heard testimony from plaintiff and a vocational expert on March 6, 2001. (AR 35, 62-63, 449-76). On October 3, 2001, the prior ALJ held a supplemental hearing and heard testimony from a vocational expert and a medical expert. (AR 35, 476-505). On November 29, 2001, the prior ALJ issued a decision in which he concluded that plaintiff was not disabled at any time through the date of the decision. Specifically, he found: (1) plaintiff suffered from the following severe medically determinable impairments: degenerative disc disease of the lumbar spine, hypertension, chest pain syndrome, atypical or of uncertain etiology, and an adjustment disorder with mixed depression and anxiety (AR 36, 44, 45-46);

---

[1] Although plaintiff's prior SSI and DIB applications and the ALJ's November 29, 2001 decision reflect an onset date of March 29, 1998, a transcript of proceedings on March 6, 2001, reflects that the parties, at plaintiff's request, stipulated to an onset date of April 1, 1998. (AR 36, 91, 104, 280, 453).

(2) plaintiff's impairments or combination of impairments did not meet or medically equal one of the listed impairments at any time prior to December 31, 1999, the date on which she was last insured (AR 36, 45); (3) plaintiff retained the residual functional capacity to lift/carry up to ten pounds, stand/walk for two to three hours, sit eight hours in an eight-hour workday, with no climbing, occasional stooping, kneeling, crouching, and crawling, avoiding concentrated exposure to extreme heat, cold, irritating fumes, and unprotected heights, and performing simple repetitive tasks, and had a moderate limitation in her ability to respond appropriately to work pressures in a usual work setting and to changes in a routine work setting (AR 45); and (4) based on this residual functional capacity, plaintiff could perform her past relevant work as a sewing machine operator (AR 45-46). Plaintiff did not seek review of the prior ALJ's decision before the Appeals Council.

### B. Application in Issue

On or about March 28, 2002, plaintiff filed a subsequent application for supplemental social security benefits which is in issue in the instant action. (AR 305). The instant application reflects that plaintiff became disabled in March 1998, due to physical and emotional problems.[2] (AR 305, 311). An ALJ examined the medical record and heard testimony from plaintiff and a vocational expert on October 14, 2004. (AR 24, 506-22). On December 13, 2004, the ALJ denied plaintiff's instant application. (AR 21-34). The ALJ incorporated the findings of fact and conclusions of law contained in the prior ALJ's November 29, 2001 decision. (AR 25). In light of the prior ALJ's determination that plaintiff was not disabled for the period of March 29, 1998 to November 29, 2001 (the date of the decision), the ALJ applied a presumption of continuing nondisability. (AR

---

[2]Plaintiff's instant application reflects that she became disabled in March 1998. (AR 305). The ALJ's decision reflects an alleged onset date of March 1, 1998. (AR 25).

25). The ALJ found that plaintiff had not rebut the presumption of continuing nondisability. (AR 25). He concluded that plaintiff had not shown any "significant 'changed circumstances,'" and that the current medical record essentially was cumulative, and did not provide any new and material evidence which would warrant any change in the prior ALJ's decision. (AR 25, 30). The Appeals Council denied plaintiff's request for review of the ALJ's decision. (AR 8-12).

## III.   DISCUSSION

### A.   Standard of Review

Pursuant to 42 U.S.C. section 405(g), this court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Ukolov v. Barnhart, 420 F.3d 1002, 1004 (9th Cir. 2005) (citing Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is "more than a mere scintilla but less than a preponderance." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003) (citing Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997)).

To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. Reddick v. Chater, 157 F.3d 715, 720-21 (9th Cir. 1998) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).

**B.     Finality and Res Judicata**

The principle of res judicata applies to administrative findings and decisions on the merits which become final as a result of a claimant's failure to seek administrative review after notice of an adverse decision. Taylor v. Heckler, 765 F.2d 872, 876 (9th Cir. 1985) (citing Stuckey v. Weinberger, 488 F.2d 904, 911 (9th Cir. 1973) (en banc)); see also 20 C.F.R. §§ 404.905, 404.921 (initial and reconsideration determinations binding unless appealed or revised); 20 C.F.R. §§ 404.957(c)(1); 416.1457(c)(1) (ALJ may dismiss hearing request or refuse to consider one or more issues on res judicata grounds). The doctrine is applied less rigidly to administrative proceedings than to judicial proceedings. Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1998); Lester v. Chater, 81 F.3d 821, 827 (9th Cir. 1995), as amended (1996); Stuckey, 488 F.2d at 911. Nevertheless, the doctrine retains full force when applied to adjudications of past facts, where the second proceeding involves the same claim or the same transaction. Stuckey, 488 F.2d at 911. In those situations, the findings and decision are res judicata.[3]  Id.

---

[3]Two Social Security Administration procedural manuals, the Hearing, Appeals, and Litigation and Law Manual ("HALLEX") and Program Operations Manual Systems ("POMS") suggest that administrative res judicata should not be applied if there has been a change in a relevant statute, regulation, or policy interpretation. See, e.g., HALLEX I-2-4-40.K; I-3-3-9; POMS § DI 27516.010, Exhibit 2 (subsequent claims involving musculoskeletal listings should not be denied on the basis of res judicata if the determination on the prior claim was made before February 19, 2002, the date of the listing change); Bazinet v. Barnhart, 434 F. Supp. 2d 67, 71-73 (D. Mass. 2006) (because new regulations apply, issues in present application not same as in prior application and thus doctrine of res judicata inapplicable, citing HALLEX and POMS). However, HALLEX and POMS are internal manuals which do not have the force and effect of law and do not impose judicially enforceable duties. Lowry v. Barnhart, 329 F.3d 1019, 1021, 1023 (9th Cir. 2003) (citing Moore v. Apfel, 216 F.3d 864, 868-69 (9th Cir. 2000) (finding HALLEX does not prescribe substantive rules because it is "strictly an internal guidance tool, providing policy and procedural guidelines to ALJs and other staff members" and "therefore does not carry the force and effect of law."); Hermes v. Secretary of Health & Human Services, 926 F.2d 789, 791 n.1 (9th Cir. 1991) ("POMS is a policy manual and, therefore, does not have the force and effect of the law."). The Ninth Circuit has noted that it will not review allegations of noncompliance with such manuals. See Moore, 216 F.3d at 869 ("[W]e will not review

(continued...)

### 1.     Applications Involving Previously Adjudicated Periods

Generally, courts do not have jurisdiction to review a determination that a previously adjudicated claim for disability benefits or a refusal to reopen such a claim is res judicata.[4] Califano v. Sanders, 430 U.S. 99, 107-08 (1977); Gonzalez v. Sullivan, 914 F.2d 1197, 1202-03 (9th Cir. 1990); Krumpelman v. Heckler, 767 F.2d 586, 588 (9th Cir. 1985); Davis v. Schweiker, 665 F.2d 934, 935 (9th Cir. 1982); Stuckey, 488 F.2d at 911 (courts have no jurisdiction to review denials of reopening when asserted basis for reopening is an allegedly erroneous factual determination; this includes both cases wherein no new evidence is presented and the error is asserted to be apparent on the record, and cases wherein new and material evidence is proffered).

However, if a person makes a colorable constitutional claim that the decision not to reopen violates the due process clause of the Fifth Amendment, courts do have jurisdiction. Califano, 430 U.S. at 109 (courts have jurisdiction in rare instances where Secretary's denial of request to reopen is challenged on constitutional grounds); Gonzalez, 914 F.2d at 1202-03; Davis, 665 F.2d at 935 (acknowledging, but rejecting on facts, manifest injustice and constitutional question exceptions to administrative res judicata); Thompson v. Schweiker, 665 F.2d 936, 940-41 (9th Cir. 1982) (application of res judicata to be rejected when it

---

[3](...continued)
allegations of noncompliance with the [HALLEX] manual.") (citing Western Radio Services Co. v. Espy, 79 F.3d 896, 900 (9th Cir. 1996) ("We will not review allegations of noncompliance with an agency statement that is not binding on the agency.")). Nonetheless, the Ninth Circuit has recognized that these internal policy manuals have some persuasive value. Hermes, 926 F.2d at 791 n.1; Evelyn v. Schweiker, 685 F.2d 351, 352 n.5 (9th Cir. 1982).

[4]Courts have treated subsequent applications which seek to relitigate a finding of nondisability for a previously adjudicated period, as requests to reopen a previously adjudicated claim. See, e.g., Gonzalez v. Sullivan, 914 F.2d 1197, 1202-03 (9th Cir. 1990). Accordingly, such courts have characterized an ALJ's determination on a subsequent application that the issue of disability was res judicata through the date of the prior final decision, as a decision not to reopen a previously adjudicated claim. Id.

would contravene overriding public policy or result in manifest injustice; application of res judicata tantamount to denial of due process where record patently inadequate to support findings); Krumpelman, 767 F.2d at 588 (acknowledging, but rejecting on facts, exceptions to rule that courts have no jurisdiction to review refusal to reopen claim for disability benefits or determination that claim is res judicata); Taylor, 765 F.2d at 877 (manifest injustice exception to res judicata not applicable to facts of case).[5]

### 2.   Subsequent Applications Involving Unadjudicated Periods

With respect to unadjudicated periods which are the subject of subsequent applications for benefits, a prior final determination that a claimant is not disabled creates a presumption of continuing non-disability. Taylor, 765 F.2d at 875; Lyle v. Secretary, 700 F.2d 566, 568 (9th Cir. 1983). The claimant can overcome this burden by proving "changed circumstances," indicating a greater disability. Schneider v. Commissioner, 223 F.3d 968, 973 (9th Cir. 2000) (finding changed circumstances based on worse psychological test scores and diagnosis); Chavez, 844 F.2d at 693 (attainment of advanced age constitutes changed circumstance precluding application of res judicata to first administrate law judge's ultimate finding against disability because advanced age often outcome-determinative under Medical-Vocational grids; however, findings concerning claimant's residual

---

[5] If, despite a decision not to reopen, an ALJ nonetheless makes a de novo determination on the merits on review of the entire record, including a review of the hearing on the prior application, courts may review the merits. Little v. Richardson, 471 F.2d 715, 716 n.1 (9th Cir. 1972); Cf. Gregory v. Bowen, 844 F.2d 664, 666 (9th Cir. 1988) (ALJ effectively reopened prior claim by considering on merits issue of disability during time covered by prior claim, thereby precluding agency reliance on res judicata); Lester, 81 F.3d at 827 n.3. Courts have also suggested that res judicata should not be applied if a claimant was not represented by counsel when a prior claim was adjudicated. Gregory, 844 F.2d at 666. However, at least in the context of subsequent claims involving unadjudicated periods, the mere fact that a plaintiff was represented by a non-attorney in a prior proceeding may not be enough to overcome the presumption of continuing non-disability. See Azami v. Apfel, 24 F. Supp. 2d 1007, 1011-12 (C.D. Cal. 1998).

functional capacity, education, and work experience still entitled to some res judicata consideration in subsequent proceedings); Lester, 81 F.3d at 827 n.3 (finding two changed circumstances – new allegation of mental impairment not raised in prior application or addressed in prior denial and attainment of age 50); Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir.), as amended (1997) (presumption based on prior decision that claimant capable of substantial gainful activity overcome by changed circumstances consisting of increased severity of carpal tunnel syndrome and diagnosis of ADHD); Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989) (en banc) (attainment of advanced age constitutes changed circumstance precluding application of res judicata to first administrative law judge's ultimate finding against disability); Taylor, 765 F.2d at 875 (finding claimant's condition improved rather than deteriorated and claimant failed to show requisite changed circumstances); Booz v. Secretary of Health & Human Services, 734 F.2d 1378, 1379-80 (9th Cir. 1984) (finding no changed circumstance).[6]

---

[6] Social Security Acquiescence Ruling 97-4(9), 1997 WL 742758, generally applies to cases involving a subsequent disability claim with an unadjudicated period arising under the same title of the Social Security Act as a prior claim on which there has been a final administrative decision that the claimant is not disabled. It directs adjudicators of the subsequent claim involving an unadjudicated period, to apply a presumption of continuing nondisability and to determine that the claimant is not disabled with respect to that period unless the claimant rebuts the presumption by showing a "changed circumstance" affecting the issue of disability with respect to the unadjudicated period. It also provides examples of "changed circumstances," which include an increase in the severity of the claimant's impairments, and a change in the criteria for determining disability. Acquiescence Ruling 97-4(9) further instructs that if the claimant rebuts the presumption, adjudicators must nonetheless give effect to certain findings contained in the final decision on the prior claim, when adjudicating the subsequent claim. Specifically, adjudicators must adopt a finding of a claimant's residual functional capacity, education, work experience, or other findings required at a step in the sequential evaluation process for determining disability, which was made in the final decision on the prior disability claim with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has a been a change in the law, regulations or rulings affecting the finding or the method of arriving at the finding. Acquiescence Rulings are generally binding on
(continued...)

1      **C.**    **A Remand Is Appropriate Because the ALJ Committed Legal**
2              **Error in Failing to Conclude that an Intervening Change in the**
3              **Relevant Listings Constituted a Changed Circumstance Sufficient**
4              **to Rebut a Presumption of Nondisability with Respect to the**
5              **Unadjudicated Period**

Plaintiff argues that it was improper for the ALJ to invoke res judicata principles and to incorporate the findings of the prior administrative decision because a significant change in the relevant musculoskeletal listings occurred between the date of the prior administrative decision and the date of the application in issue. (JS 9-10). The prior administrative decision was issued on November 29, 2001. The changes to the musculoskeletal listings became effective on February 19, 2002 and applied to any actions then pending or filed thereafter. See Bazinet v. Barnhart, 434 F. Supp. 2d 67, 71 (D. Mass. 2006). Plaintiff's instant application was filed on March 28, 2002 – after the effective date of the amendments to the musculoskeletal listings. Plaintiff, relying upon Chavez and non-binding internal agency manuals, argues that the ALJ was precluded from applying res judicata to the prior ALJ's findings because of this change in the applicable listings. (JS 9-10).

---

[6](...continued)
all components of the Social Security Administration. 20 C.F.R. § 402.35 (b)(2). Courts generally defer to Social Security Rulings which are binding on the Social Security Administration unless they are plainly erroneous or inconsistent with the Social Security Act or regulations. Holohan v. Massanari, 246 F.3d 1195, 1202 n.1 (9th Cir. 2001); Paxton v. Secretary of Health & Human Services, 856 F.2d 1352, 1356 (9th Cir. 1988).

In <u>Chavez</u>, the court held with respect to <u>unadjudicated</u> periods, that a claimant may overcome the presumption of continuing nondisability arising from the prior ALJ's finding of nondisability by proving "changed circumstances" indicating greater disability. 844 F.2d at 693. Although <u>Chavez</u> does not directly address whether a legal change in the criteria for determining disability constitutes a "changed circumstance" which would render res judicata inapplicable, Social Security Acquiescence Ruling ("AR") 97-4(9), which explains the Social Security Administration's implementation of <u>Chavez</u>, does so. AR 97-4(9) requires ALJs to adopt a prior ALJ's findings from the final decision on a prior claim in determining whether the claimant is disabled with respect to an unadjudicated period unless, <u>inter alia</u>, there has been a change in the criteria for determining disability. Courts generally defer to Social Security rulings unless they are plainly erroneous or inconsistent with the Social Security Act or regulations. <u>See</u> <u>supra</u> note 6. As AR 97-4(9) does not appear to be plainly erroneous or inconsistent with the Social Security Act or regulations, this court believes it appropriate to defer to such ruling. Consequently, this court concludes that the ALJ improperly gave preclusive effect to the prior ALJ's finding that plaintiff did not meet or equal a listed impairment with respect to the <u>unadjudicated</u> period before him.[7]

---

[7] Since a finding as to whether or not plaintiff's impairments meet or medically equal the amended listing at step three of the sequential evaluation process could be outcome determinative, a remand is appropriate so that the ALJ can make such an assessment. However, absent a determination on remand that plaintiff's impairments do meet or equal a listing – a finding which would end the inquiry as to whether or not she is disabled – it may be, based upon <u>Chavez</u> and AR 97-4(9) – that the change in listing would not impact whether the ALJ should give preclusive effect to the prior ALJ's findings regarding plaintiff's residual functional capacity and her ability to perform her past relevant work. However, this is an issue for the ALJ to address on remand. In light of the court's finding that remand is appropriate based on the "changed circumstance" resulting from the change in the musculoskeletal listing criteria for determining disability, the court need not address plaintiff's remaining contentions regarding the existence of "changed circumstances."

Plaintiff also appears to argue, based on internal agency manuals (HALLEX and POMS), that the ALJ improperly gave preclusive effect to the prior administrative findings for the previously adjudicated period as well as the unadjudicated period.[8] (JS 9-10). While plaintiff appears correctly to note that HALLEX and POMS direct ALJs not to apply res judicata, even with respect to previously adjudicated periods, in the circumstances which exist in this case (i.e., where there is an intervening change in criteria for determining disability), this court, in accordance with Ninth Circuit authority, declines to review what appears to be the ALJ's failure to comply with the agency's internal manuals.[9]  See supra note 3.

---

[8]Plaintiff also appears to argue that res judicata should not be applied to the findings of the prior ALJ in connection with at least the previously adjudicated period because to do so, would result in a miscarriage of justice. (JS 5, 10, 15). This court is not persuaded that the ALJ's application of res judicata and administrative finality with respect to the previously adjudicated period of alleged disability – March 29, 1998 to November 29, 2001 – presents a constitutional issue or results in a miscarriage of justice. Absent that, this court is without jurisdiction to review the ALJ's decision in this respect. Califano, 430 U.S. at 107-08; Gonzalez, 914 F.2d at 1202-03; Krumpelman, 767 F.2d at 588; Davis, 665 F.2d at 935; Stuckey, 488 F.2d at 911. As the court is already recommending remand with respect to the unadjudicated period, it need not address plaintiff's miscarriage of justice argument vis-a-vis that period.

[9]In Bazinet v. Barnhart, 434 F. Supp. 2d 67, 71 (D. Mass. 2006), the court considered the application of res judicata in a case involving the amended musculoskeletal listings that are in issue here. The court in that case found that the ALJ had committed legal error both in applying res judicata and in failing to consider evidence regarding a previously adjudicated period to decide the merits of a claimant's application under the new listings. The court's decision was predicated in part on the Commissioner's concession, based on HALLEX and POMS, that res judicata should not have been applied. The court further assumed, without analysis, that HALLEX and POMS were judicially enforceable and that noncompliance therewith, constituted an appropriate basis for remand. In the absence in this case of a concession by the Commissioner regarding the non-applicability of res judicata, and in light of the Ninth Circuit authority regarding the non-reviewability of an agency's failure to comply with its non-binding internal manuals, this court does not deem it appropriate to adopt the reasoning utilized in Bazinet. Nonetheless, by its ruling in the instant case, the court does not intend to discourage the agency from following its internal manuals and reaching the merits of plaintiff's claims relative to the previously adjudicated period on remand.

IV. **CONCLUSION**

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[10]

LET JUDGMENT BE NETERED ACCORDINGLY

DATED: November 8, 2006

                                         /s/
                                JACQUELINE CHOOLJIAN
                                UNITED STATES MAGISTRATE JUDGE

---

[10]When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984).